**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Ocean State Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>Our Little Secret, Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., *in rem*, and Michael Traiforos,<br><br>Defendants. | C.A. No. 26-cv-00130-MRD-AEM |

**REPORT AND RECOMMENDATION**

AMY E. MOSES, United States Magistrate Judge.

In this admiralty case, Plaintiff Ocean State Credit Union ("Ocean State") moves under Rule E (9) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, for an Order of Sale of Our Little Secret (O.N. 1306780) ("the Vessel") and for permission to make a Credit Bid in the amount of its claim plus costs. ECF No. 22. Ocean State submitted with its motion a proposed Notice and a proposed Order of Sale. ECF Nos. 22-1 and 22-2. No objection was filed. Because courts have treated motions for the sale of vessels under Rule E (9) as dispositive motions, this motion is being addressed in a Report and Recommendation. *See Schoninger v. M/V Three Olives*, No. 10-69-P-H, 2010 WL 1935855, at *1 n.1 (D. Me. May 10, 2010) (citing cases).

## I. BACKGROUND

On April 23, 2020, Ocean State loaned Defendant Michael Traiforos $120,078, secured by a mortgage on the Vessel. ECF No. 1 ¶¶ 8–9. Mr. Traiforos defaulted on that loan, failing to make monthly payments from June 23, 2025, to at least March 5, 2026, the date the complaint was filed. *Id.* ¶ 11. Ocean State contends that they have sustained damages in the amount of $95,342.94 plus interest, penalty, foreclosure, and collection costs incurred and to be incurred as a direct result of the breach. *Id.* ¶ 14. Mr. Traiforos has not defended this action. *See* ECF No. 20.

On April 14, 2026, a Warrant of Maritime Arrest was granted for the Vessel. ECF No. 10. The Vessel was arrested by the U.S. Marshals on June 1, 2026, and is currently in the custody of Pleasure Marina in Warwick. ECF No. 22 ¶ 1; ECF No. 11 at 1. On September 30, 2026, the Court granted default judgment in favor of Ocean State, ordering that Ocean State can recover $111,787.27 from the Vessel and Mr. Traiforos. ECF No. 21.

## II. DISCUSSION

Rule E(9)(a)(i)(C) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty or Maritime Claims, permits the sale of an arrested vessel and related property if there has been "an unreasonable delay in securing release of the property." *See, e.g.*, *Yasi v. M/V Horizon's Edge*, C.A. No. 14-10128-DJC, 2014 WL 8484913, at *4 (D. Mass. Sept. 2, 2014) ("'The general practice among courts is to allow vessel owners approximately four months to bond a vessel' in order to secure its release from custody.") (quoting *Louisiana Int'l Marine, L.L.C. v. Drilling Rig*

*ATLAS CENTURY*, C.A. C-11-186, 2011 WL 7637219, a *3 (S.D. Tex. Noc. 21, 2011)). Here, more than five months have passed since arrest, constituting an unreasonable delay. *See id.*

Local Admiralty Rule E(10) sets forth the process for selling such vessels. The Court reviewed the proposed Notice submitted by Ocean State (ECF No. 22-1) and finds that it complies with LAR E(10) except that it specifies that a confirmation hearing will be held despite the fact that such a hearing is not required unless there is an objection. *See* LAR E(10)(f).

The proposed Order of Sale (ECF No. 22-2) also deviates from LAR E (10). For example, the proposed Order of Sale does not allow for late payments by the successful bidder, as specified in Local Admiralty Rule E(10)(c); like the Notice, it requires a confirmation hearing despite one not being required absent an objection; and it does not specify that the Marshal shall file a written report with the Court containing "the notice given; the facts of the sale; the date of the sale; the names, addresses, and bid amounts of the bidders; the price obtained; and any other pertinent information." LAR E(10)(e).

## III. CONCLUSION

For the reasons explained above, I recommend that the Motion for an Order of Sale of Our Little Secret be GRANTED IN PART insofar as the proposed Notice (ECF No. 22-1) and the proposed Order of Sale (ECF No. 22-2) be revised to read as follows:

**NOTICE**

**PUBLICATION AUCTION BY U.S. MARSHAL**
**(Date and Time of Sale)**
**at the Pleasure Marina, 7 Ottowa Ave., Warwick, RI 02889**
**One sailing vessel known as Our Little Secret (O.N. 1306780)**
Sale to be "as is, where is"

Notice is hereby given that the Our Little Secret (O.N. 1306780) (the "Vessel") will be sold at public auction pursuant to the Order of Sale of the Defendant Vessel and Granting the Plaintiff Ocean State Credit Union the Right to Credit Bid up to the Amount of the Indebtedness by the United States District Court of Rhode Island. The sale will be conducted at the **Pleasure Marina, LLC located at 7 Ottawa Ave, Warwick, Rhode Island** on (Date of Sale). The Vessel will be sold free and clear of all liens and encumbrances in its current "as is, where is" condition, without any representation and warranty, express or implied, as to its merchantability or fitness, except as to title. The successful high bidder, with the exception of the plaintiff who is entitled to credit bid, must immediately pay to the U.S. Marshal the full purchase price if the bid is $1,000 or less. If the bid exceeds $1,000, the bidder shall immediately deposit with the U.S. Marshal $1,000 or ten (10%) percent of the amount bid for the Vessel, whichever is greater. Payment shall be made by certified check or cashier's check. Interested persons are encouraged to contact Elizabeth A. Lonardo, Esq. at 401-542-4100 if they would like to inspect the Vessel or if they require any further information.

**ORDER OF SALE**

Ocean State Credit Union, having filed a verified Complaint on March 5, 2026, against the Our Little Secret (O.N. 1306780) (the "Vessel"), its respective engines, machinery, equipment, masts, sails, etc., together with all additions, improvements, and/or replacements to the Vessel or its equipment and appurtenances, *in rem*, seeking the enforcement of its maritime lien for monies due; and

The United States Marshal for the District of Rhode Island having arrested and taken into custody the Vessel as aforesaid; and

Due and timely notice of these proceedings having been given to all persons entitled thereto; and

The Court having entered Default Judgement on September 30, 2026, against the Vessel, *in rem*; and

Ocean State Credit Union having filed a Motion for Order of Sale reciting, *inter alia*, that no part of the claim has been satisfied, no one has claimed the Vessel, and the Vessel continues to accrue custodial costs, and requesting that the Vessel be sold to prevent further storage charges and to satisfy the maritime

lien that Ocean State Credit Union has against the Vessel.

It is therefore **ORDERED** that the Vessel, its respective engines, machinery, equipment, masts, sails, etc., together with all additions, improvements, and/or replacements to the Vessel or its equipment and appurtenances, *in rem*, be condemned and sold to prevent further waste, and the United States Marshal, or one of his deputies, sell and dispose of the Vessel, its respective engines, machinery, equipment, mast, sails, etc., together with all additions, improvements, and/or replacements to the Vessel or its equipment and appurtenances, *in rem*, to the highest bidder, at a public auction to be held at the Vessel's current location at Pleasure Marina, LLC located at 7 Ottawa Ave, Warwick, Rhode Island 02889, on a date and time to be arranged by counsel for Ocean State Credit Union and the United States Marshal for the District of Rhode Island.

The terms of sale shall be as follows:

(a) Notice of the sale of the Vessel is to be published once a week for two weeks prior to the sale in the *Providence Journal,* a newspaper published where this action is pending and near where the Vessel is currently located, substantially in the following form:

**PUBLICATION AUCTION BY U.S. MARSHAL**
**(Date and Time of Sale)**
**at the Pleasure Marina, 7 Ottowa Ave., Warwick, RI 02889**
**One sailing vessel known as Our Little Secret (O.N. 1306780)**
Sale to be "as is, where is"

Notice is hereby given that the Our Little Secret (O.N. 1306780) (the "Vessel") will be sold at public auction pursuant to the Order of Sale of the Defendant Vessel and Granting the Plaintiff Ocean State Credit Union the Right to Credit Bid up to the Amount of the Indebtedness by the United States District Court of Rhode Island. The sale will be conducted at the **Pleasure Marina, LLC located at 7 Ottawa Ave, Warwick, Rhode Island** on (Date of Sale). The Vessel will be sold free and clear of all liens and encumbrances in its current "as is, where is" condition, without any representation and warranty, express or implied, as to its merchantability or fitness, except as to title. The successful high bidder, with the exception of the plaintiff who is entitled to credit bid, must immediately pay to the U.S. Marshal the full purchase price if the bid is $1,000 or less. If the bid exceeds $1,000, the bidder shall immediately deposit with the U.S. Marshal $1,000 or ten (10%) percent of the amount bid for the Vessel, whichever is greater. Payment shall be made by

certified check or cashier's check. Interested persons are encouraged to contact Elizabeth A. Lonardo, Esq. at 401-542-4100 if they would like to inspect the Vessel or if they require any further information.

(b) The sale shall be to the highest bidder by oral auction at a date and time properly noticed. The successful bidder must immediately pay to the U.S. Marshal the full purchase price if the bid is $1,000 or less. If the bid exceeds $1,000, the bidder shall immediately deposit with the U.S. Marshal $1,000 or ten (10%) percent of the amount bid for the Vessel, whichever is greater, and shall pay the balance within three (3) days. If an objection to the sale is filed within the period in LAR E(1)(b)(2), the bidder is excused from paying the balance of the purchase price until three (3) days after the sale is confirmed. Payment shall be made by certified check or cashier's check;

(c) If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall pay the Marshal, Keeper or Substitute Custodian the cost of keeping the property from the due date until the balance is paid, and the Marshal may refuse to release the property until this charge is paid;

(d) If the successful bidder does not pay the balance of the purchase within the time allowed, the bidder shall be in default, and the judicial officer may accept the second highest bidder or may arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the Marshal because of the default, and the balance shall be retained in the registry of the Court awaiting its order;

(e) At the conclusion of the sale, the Marshal shall forthwith file a written report with the Court setting forth the notice given; the fact of the sale; the date of the sale; the names, addresses, and bid amounts of the bidders; the price obtained; and any other pertinent information;

(f) An interested person may object to the sale by filing a written objection with the Clerk within three (3) days following the sale, serving the objection on all parties of record, the successful bidder, and the Marshal, and depositing a sum with the Marshal that is sufficient to pay the expense of keeping the property for at least seven (7) days. Payment to the Marshal shall be in certified check or cashier's check. The Court shall hold a hearing on the confirmation of the sale;

(g) The sale shall be submitted to the Court for confirmation. The Marshal shall transfer title to the purchaser upon the order of the Court;

(h) If the objection is sustained, sums deposited by the successful bidder will be returned to the bidder forthwith. The sum deposited by the objector will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector. The objector will be reimbursed for the expense of keeping the property from the proceeds of a subsequent sale. If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith;

(i) Ocean State Credit Union is authorized to bid up to the amount due and owing it in the amount of One-Hundred and Eleven Thousand Seven-Hundred Eighty-Seven and 27/100 Dollars ($111,787.27) plus interest as of the time of the auction ("Credit"), and in the event Ocean State Credit Union is the highest bidder, then Ocean State Credit Union will not be required, unless subsequently ordered by this Court, to pay the purchase price in cash or its equivalent to the extent of the Credit, provided, however, that prior to the confirmation of sale by this Honorable Court, Ocean State Credit Union may be required to pay in cash or its equivalent any court costs, United States Marshal's fees and expenses, Clerk's fees, taxes and costs of sale, to the extent said items have not heretofore been paid. Ocean State Credit Union shall not be required to tender a deposit with its bid, should it choose to submit one; and

(j) Subject to terms of this Order, the United States Marshal shall bring the proceeds of the sale into Court and shall deposit the same with the Clerk pending further orders and decrees as the Court may issue. All liens upon the Vessel adjudged valid and enforceable by the Court shall attach to the proceeds thereof in the same relative priorities which they enjoyed when they attached to the Vessel, and the Vessel shall thereupon be sold free and clear of all liens and encumbrances whatsoever.

Dated: ______________________________ ______________________________
United States District Judge

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b); DRI LR Cv 72.

IT IS SO ORDERED.

Amy E. Moses
United States Magistrate Judge

November 16, 2026